959 F.2d 1102
 295 U.S.App.D.C. 98
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Aaron J. LIGGINS, Appellant.
 No. 91-3118.
 United States Court of Appeals, District of Columbia Circuit.
 April 9, 1992.
 
 Before WALD, HARRY T. EDWARDS and KAREN LECRAFT HENDERSON, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was heard on the record from the United States District Court for the District of Columbia Circuit and on the briefs filed by the parties and on arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). On consideration thereof, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that the judgment from which this appeal is taken be affirmed. First, appellant voluntarily abandoned his bag when, in response to police questioning, he twice denied ownership of it. The police officers' subsequent search of that bag was thus lawful and the drugs found in it were properly admitted into evidence. See generally United States v. Lewis, 921 F.2d 1294 (D.C.Cir.1990). Second, we find no error in the district court's warning comment regarding the manner in which defense counsel should cross-examine the government's expert witness. Third, we reject appellant's claim that admission of the expert's testimony violated Federal Rule of Evidence 704(b). The government's expert testified as to the modus operandi of drug distributors not to the mental state of this particular defendant and his opinion was thus properly admitted. See United States v. Dunn, 846 F.2d 761, 762 (D.C.Cir.1988) ("[a]ll expert evidence assists jurors in analyzing and drawing inferences from other evidence; .... It is only as to the last step in the inferential process--a conclusion as to the defendant's actual mental state--that Rule 704(b) commands the expert to be silent"). Finally, appellant's argument that the quantity of drugs is an element of the offense is precluded by this court's recent decision in United States v. Patrick, No. 90-3718, slip. op. at 6 n. 5 (D.C.Cir. March 17, 1992).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).